# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROGER A. MAUER and CYNTHIA M. LOPEZ, ) Case No.: 2:11-cv-00158-GMN-RJJ
)
Plaintiffs, ) **ORDER**
vs. )
)
AMERICAN HOME MORTGAGE )
ACCEPTANCE, INC., AMERICAN HOME )
MORTGAGE SERVICING INC., MORTGAGE )
ELECTRONIC REGISTRATION SYSTEMS, )
INC., and DOES I-X. )
)
Defendants. )
)

## INTRODUCTION

Before the Court is Defendants American Home Mortgage Servicing, Inc. ("AHMS") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "Defendants") Motion to Dismiss (ECF No. 10). Plaintiffs Roger A. Mauer and Cynthia M. Lopez filed an untimely Response on August 30, 2011 (ECF No. 14). Defendants filed a Reply (ECF No. 15).

Also before the Court is Defendants' Motion to Expunge Lis Pendens (ECF No. 16). Plaintiffs again filed an untimely Response on October 18, 2011 (ECF No. 19). Defendants filed a Reply on October 28, 2011 (ECF No. 20).

## FACTS AND BACKGROUND

In April 2007, Plaintiff secured a loan for the property at 5495 N. Durango Drive, Las Vegas, Nevada 89149 (the "Property). (*See* Deed of Trust ("DOT"), MTD, Ex. A, p. 1–3.)[1] Plaintiffs allege they executed a promissory note in favor of American Home Mortgage

---

[1] The Court takes judicial notice of Ex. A of Defendants' Motion to Dismiss. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The Deed of Trust is a public record in the Clark County Recorder's office. Plaintiffs did not contest the exhibit in their Response.

Acceptance, Inc. ("AHMA") on April 26, 2007. (First Amended Compl. ("FAC", ¶13, ECF No. 3.) However, the Deed of Trust submitted by Defendants shows that Plaintiffs executed a promissory note in favor of American Brokers Conduit ("ABC") in the amount of $520,000.00 on April 30, 2007. (*Id.*) The DOT named Defendant MERS as the nominee beneficiary and First American Title as the trustee. (*Id.*) Plaintiff alleges that AHMS is the servicer of Plaintiffs' loan. (FAC at ¶22.)

Plaintiffs' complaint is a peculiar case compared to the sea of wrongful foreclosure cases this court reviews. It does not allege any facts regarding an improper notice of default. Instead, the FAC alleges six causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) intentional or negligent misrepresentation; (4) violation of Nevada Deceptive Trade Practices, NRS 598; (5) quiet title; and (6) declaratory and injunctive relief.

## DISCUSSION

### A.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material

allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to

prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

**B.     Discussion**

As a preliminary matter this Court finds that it can grant Defendants' Motion to Dismiss and Motion to Expunge Lis Pendens pursuant to Local Rule 7-2(b).  Under the five factor test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Plaintiffs' counsel does not give the court any reason to believe that he will be more diligent in other aspects of this lawsuit given that he failed to timely respond twice and does not address his failure to respond timely.  Furthermore, even when Plaintiffs did finally respond to the motions, the issues raised regarding claims one through four were not addressed.  Alternatively, the Court also finds that Plaintiffs have failed to state a claim upon which relief can be granted.

1.     <u>Breach of Contract</u>

Plaintiffs' first claim for breach of contract fails to state a claim. To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached the contract, and (4) that the plaintiff sustained damages. *See Calloway v. City of Reno*, 993 P.2d 1259, 1263 (2000).  Plaintiff states that "Defendant PMC breached its agreement because it purported and promised to be 'Lender' in the trust deed yet did not lend funds to Plaintiffs." (FAC at ¶95.)  Plaintiff goes on to allege that only the "Lender" or its successor or assignee can

execute written notice or the occurrence of an event of default to cause the Property to be sold. (*Id.* at ¶96.) "Since [AHMA] was not the 'Lender' . . . neither it nor its successor is entitled to invoke the power of sale." (*Id.*) Plaintiff alleges that AHMS, MERS and AHMA invoked the power of sale and thus breached the material term.

First of all, the Court is unsure who Defendant PMC is since the first mention of this entity is in paragraph 95. Earlier in the FAC, Plaintiff alleges that AHMA is the lender on the loan documents. (*Id.* at ¶13.) However, this is contradicted by the judicially noticeable DOT submitted by Defendants. In fact, most of Plaintiffs' alleged facts are contracted by the DOT. Although the Court must accept as true facts as alleged in the complaint, when those facts do not actually establish a plausible inference that would lead to the cause of action, the claim must be dismissed. The DOT is dated April 30, 2007 which is very close to Plaintiffs' alleged execution of the promissory note on April 26, 2007. The DOT lists Plaintiffs as the borrowers and covers the disputed Property. However, the DOT shows that American Brokers Conduit ("ABC") is the lender. As such, Plaintiffs' allegations that they entered into a contract with AHMA or that AHMA's successors did not have the power of sale, does not establish a claim for a breach of contract because AHMA is not a party to the DOT.

  2. <u>Breach of the Covenant of Good Faith and Fair Dealing</u>

In order to recover for breach of the implied covenant of good faith and fair dealing, a plaintiff must be in a contractual relationship with a defendant. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 233 (Nev., 1991). Accordingly, Plaintiffs' second claim for breach of the implied covenant of good faith and fair dealing is dismissed.

  3. <u>Intentional or Negligent Misrepresentation</u>

Plaintiffs' third cause of action also fails to state a claim for intentional or negligent misrepresentation. A claim of "fraud or mistake" must be alleged "with particularity." Fed.R.Civ.P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir.2000)

("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc). Rule 9(b) also governs claims for negligent misrepresentation. *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999).

Plaintiffs' claims do not state any misrepresentation. Plaintiffs allege that Defendants made misrepresentations by failing to disclose the identity of the "true beneficiary" of the Note and DOT, misrepresenting the "current foreclosor's [*sic*] authority to foreclose," and failing to disclose that the loan would be securitized. However, the court finds that all of these allegations are conclusory allegations of wrongdoing that are too vague to state a valid claim for fraud under the heightened pleading standards. These allegations also suffer from the same shortcomings of Plaintiff's first and second cause of action. The facts that are alleged do not provide a plausible inference of wrongdoing as most of the facts are contradicted or self-contradictory.

4.      <u>Violation of Nevada Deceptive Trade Practices, NRS 598</u>

Plaintiffs make a conclusory statement that by Defendants' actions they have violated the Nevada Deceptive Trade Practices at NRS 598. This does not put Defendants on notice as to which subsection of NRS 598 they could have violated. However, only subsection fifteen of NRS § 598.0915 could plausibly state a claim upon which relief could be granted because NRS 598.0923 applies to defendants who conduct their business without a license (which has not been alleged) and all other subsections of NRS § 598 apply specifically to goods and/or services.

Pursuant to subsection fifteen of NRS § 598.0915, knowingly making any false representation in a transaction constitutes a deceptive trade practice. Plaintiffs' claims that any

of the named Defendants made false representations during the loan process is implausible since it does not appear that they were the lender.

### 5. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev.1996). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev.1985). Courts of this district have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." *Manderville v. Litton Loan Servicing*, No. 2:10-cv-1696-JCM-GWF, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted). In this case, Plaintiffs aim to only quiet title against Defendants and "not necessarily with respect to the true owner of the Note [and] Deed of Trust." (Response, pg. 17 n. 5, ECF No. 14.)

Courts within this district have repeatedly held that a plaintiff who has not discharged the debt owed on the mortgage cannot quiet title. *See Fuleihan v. Wells Fargo*, No. 2:09-cv-1877-RCJ-PAL, 2010 WL 3724186 at *5 (D.Nev. Sept. 15, 2010) (a borrower cannot quiet title to a property without discharging any debt owed); *Harold v. One West Bank*, No. 2:10-cv-2204-KJD-GWF, 2011 WL 4543998, at *3(D.Nev. Sept. 29, 2011). Plaintiffs do not allege that they have discharged the debt owed.

### 6. Declaratory and Injunctive Relief.

Declaratory and injunctive relief are not separate causes of actions but are remedies. Plaintiffs' untimely Response does not respond to any of Defendants' arguments regarding their first four causes of action and instead focuses solely on Plaintiffs' right to seek declaratory relief and quiet title. However, the complaint does not even set forth facts regarding the supposed

foreclosure action that AHMS and MERS are threatening to take.  As such, there is no justiciable controversy for the court to decide.  Since the Court has dismissed each of Plaintiffs' underlying claims, they are not entitled to declaratory or injunctive relief.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants American Home Mortgage Servicing, Inc. (AHMS) and Mortgage Electronic Registration Systems, Inc.'s (MERS) Motion to Dismiss (ECF No. 10) and Motion to Expunge Lis Pendens (ECF No. 16) are **GRANTED**.

Plaintiffs' First Amended Complaint is **DISMISSED with prejudice**.

The Clerk of the Court shall close this case.

DATED this 23rd day of December, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[2] The Court does not find that leave to amend the complaint should be granted in this case.